OZARK FRUIT GROWERS ASSOCIATION *v.* TETRICK.

Opinion delivered July 2, 1917.

APPEAL AND ERROR—ISSUE RAISED BY THE PLEADINGS—SUBMISSION TO JURY.—It is the duty of the court to submit a cause to the jury, only upon issues raised by the written pleadings, or within the pleadings treated as amended to conform to the proof.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; reversed.

*Rice & Dickson,* for appellant.

Defendant acted only as agent to sell upon a commission. There is no proof whatever of a sale, and hence no evidence whatever to sustain the verdict.

Defendant had no power to buy; its powers were limited by its charter to acting as agent for others.

HUMPHREYS, J.  Charles Tetrick and Roy Broadhurst, partners, brought suit against appellant in the Benton Circuit Court to recover $144.43, representing an alleged balance due them on a commission contract for the sale of three cars of green apples at a minimum of 70 cents per hundred-weight, f. o. b. cars, Avoca, Arkansas, less 5 per cent. commission for making the sale.

Charles Tetrick and Dwight Lee, partners, also brought suit against appellant for $217.15, representing an alleged balance due them on a commission contract of similar import.

Appellant answered, denying the material allegations in each complaint; and by way of further answer, said that it acted as selling agent for the apples on a 5

per cent. commission, without limitation on the price, time, place or terms of sale.

By agreement of parties, the cases were consolidated for convenience of trial.

The court sent the cases to the jury under instructions defining the issues to be whether appellant bought the apples outright for 70 cents per hundred-weight, on board cars at Avoca, or whether it acted in the capacity of sales agent only, upon a 5 per cent. commission basis. The jury returned verdicts against appellant in favor of Charles Tetrick and Dwight Lee for $51.91, and in favor of Charles Tetrick and Roy Broadhurst for $68.35, upon which judgments were rendered.

Proper steps were taken and an appeal has been prosecuted to this court.

The sufficiency of the evidence to support the verdict is questioned. There seems to be a total absence of evidence in support of the theory that appellees sold the apples outright to appellant on board the cars at Avoca, less 5 per cent. commission. In fact, the entire testimony of appellees tends to establish the theory that appellant engaged to sell either all or a part of the apples, on the track at Avoca, at a minimum of 70 cents per hundred-weight, less a 5 per cent. commission. The undisputed evidence showed that appellant had no charter powers to buy products outright. It was incorporated for the sole purpose of acting as intermediary between shipper and buyer. The cause should have been sent to the jury within the written pleadings, or within the pleadings treated as amended to conform to the proof.

There being no evidence to support the issue of outright sale, presented to the jury by the court's instructions, the judgment is reversed and the cause remanded for a new trial.