J. R. BISSELL DRY GOODS COMPANY v. KATTER.

Opinion delivered January 12, 1920.

1. FRAUDS, STATUTE OF—SALE OF GOODS—PART PERFORMANCE.—In an action for the purchase price of goods in excess of $30, which were ordered orally, where the plaintiff claimed that defendant had accepted an installment of the goods and had paid therefor, the burden was on him to prove such acceptance and part payment.

2. TRIAL—ABSTRACT INSTRUCTIONS.—Requests not based upon evidence were properly refused.

3. SALES—COUNTERMAND OF ORDER.—A letter: "Please cancel my back orders. I am in a notion of quitting business and leave to Europe to see my people," sufficiently countermanded all orders for goods that had not been delivered at the time the letter was written.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; affirmed.

*Cunkle & Barry* and *T. P. Winchester,* for appellant.

1.  We concede that the order given the salesman, Weaver, for goods was under the statute of frauds, not binding, but if Katter actually accepted and received part of the goods and paid for same the sale was binding under the statute, and the court erred in giving instruction No. 1 for plaintiff.

2.  It was also error to refuse instruction No. 3 for plaintiff. This instruction presents every phase of the case as made by the pleadings and evidence. Every phase of the statute of frauds has been settled by this court, and this instruction stated the law. 19 Ark. 473; 79 *Id.* 338-343; 20 Cyc. 245 B, *et seq.;* Browne on Stat. of Frauds (4 Ed.), § 354.

3.  The order for the goods could not be countermanded after acceptance. 76 Ark. 237; 101 Ark. 68; 78 *Id.* 574; 79 *Id.* 172; 105 *Id.* 213; 89 *Id.* 239; 76 *Id.* 371; 136 U. S. 68.

4.  The theory and argument of defendant that the contract of acceptance was severable; that goods of several varieties sold at different prices were included in the order and defendant could accept such as he chose and reject the others, based on 76 Ark. 74; 90 *Id.* 78, and others. But those cases have no application here, as he accepted the goods after ordering them shipped and paid for part of them and asks cancellation not on account of the quality of the goods or delay in shipping but because he wants to quit business. Nor did he plead this as a defense but only said he did not owe, the statute of frauds, etc. The instruction No. 2 given is confusing and misleading.

*Ira D. Oglesby,* for appellee.

The instructions given and refused state the law correctly, and the cases cited by appellee do not apply. The contract was severable and appellee could countermand

all or part of his order. 76 Ark. 75; 81 *Id.* 549. The jury found against plaintiff and any error in instruction No. 2 was harmless and there is no prejudicial error.

WOOD, J. Plaintiff below, appellant here, brought this action against the defendant below, appellee here, upon an alleged past due account for goods sold appellee in the aggregate sum of $2,548.87. The account was itemized and made an exhibit to the complaint.

The appellee answered, denying that he was indebted to the appellant. He alleged that on the 12th of September, 1918, he verbally ordered certain dry goods from the appellant of the aggregate amount of $2,300; that some of the goods were to be shipped by the appellant to the appellee immediately, other goods of the order were to be shipped January 1, 1919; that the appellant failed to ship the goods as ordered and that because of this fact the appellee in writing canceled all of said order, but that notwithstanding this fact the appellant afterwards shipped the goods. The appellant further alleged that prior to the above order he purchased from appellant 100 dozen oriental towels for the sum of $215; that at the time the towels were purchased and received by the appellee the appellant was indebted to the appellee in the sum of $307.36 for goods which the appellee had ordered from appellant and for which he had paid but which goods were never shipped to or delivered to the appellee by the appellant; that the appellant was, therefore, indebted to the appellee in the sum of $92.36, for which he prayed judgment.

The appellee further set up that appellant was barred from maintaining the action on the account set forth in the complaint because it was a contract for the sale of goods for more than $30 and that there was no note or memorandum signed by the appellee for the purchase of such goods and that none of the goods included in the account were accepted or received by the appellee and nothing was given by the appellee in earnest to bind the bargain or in part payment of the account. Appellee, therefore, pleaded the statute of frauds.

The appellee further set up that the order of September 12, 1918, for a total purchase of $2,300 was never accepted by the appellant and that the appellee countermanded the order before acceptance and before any shipment was made.

Appellant denied the allegations of the appellee's counterclaim. The issue raised by the counterclaim was settled by the jury on proper instructions in favor of the appellant, and there is no appeal by the appellee, so that issue is eliminated here. Appellee admitted that he owed appellant the sum of $215 for goods purchased prior to the order of September 12, 1918, and judgment was entered in appellant's favor for this amount.

The first question for our consideration is whether or not the court erred in presenting the issue of the statute of frauds, which the appellee set up to appellant's claim for $2,300 on the order of September 12, 1918. On this issue the appellant requested the court to instruct the jury as follows: "If you find from the evidence in this case that Katter gave the order of September 12, 1918, which has been put in evidence before you, and Bissell Dry Goods Company accepted the order and shipped a part of the goods so ordered, that Katter received these goods and paid for them, and that after these goods were received and paid for, other goods included in the same order were shipped to him, that he is liable for the goods so shipped whether he received them or not."

In another instruction the appellant asked the court to tell the jury in part as follows: "If you find from the evidence that defendant gave the order for these goods, and his name was not signed to it, either by himself or by any one else authorized by him to sign it, then defendant would not be bound by the order, unless he acknowledged it in writing, or unless he accepted some of the goods which were mentioned in said order. So if you find from the evidence that defendant acknowledged in writing that he did give the order, or if you find that he received any of the goods mentioned in said order, then

your verdict must be for the plaintiff for all the goods shipped by it to the defendant, which were mentioned in said order.

"The defendant pleads as further defense to this action that after said order was given, and before plaintiff shipped him any of the goods mentioned in said order, he in writing, on November 23, 1918, countermanded the order.

"On this defense you are instructed that if you find from the evidence that plaintiff accepted said order when it was received, that defendant could not, after plaintiff accepted it, countermand it, and you are further instructed that defendant's letter to plaintiff on November 23, 1918, which has been introduced in evidence is not a countermand of the order introduced in evidence, but is a request to plaintiff to cancel all his back orders; and that plaintiff's reply to said letter, of date November 25, 1918, is a refusal to grant said request."

Appellant concedes that the order of September 12, 1918, given by the appellee to the appellant's salesman, was a verbal order, and, being for merchandise of over the value of $30, was not binding upon the appellee under the statute of frauds, unless the appellee accepted a part of the goods included in the order and actually received the same. Appellant contends that the appellee actually received a part of the goods embraced in this order and paid for same.

Witness Bissell testified that he was the president of the appellant; that the order in controversy was sent to the appellant by its salesman, Weaver; that he acknowledged the receipt of it by writing appellee a letter. (The letter, however, was not adduced in evidence.) Witness further testified that the goods sold on the orders sent in by the salesman to the appellant were shipped from the mill. Witness was not present, and did not ship any of the goods, and did not know of his own personal knowledge that they were shipped. Witness failed to produce in evidence a bill of lading showing such shipment and admitted that he had none.

The appellee testified positively that he never received any of the goods contained in the order of September 12, 1918. The burden was upon the appellant to show that he had accepted appellee's order for goods and had shipped the same to him. The court, therefore, did not err in refusing appellant's prayer for instruction No. 1, as it does not appear that there was any competent evidence to show that appellant had accepted the order and had shipped the goods, and that appellee had received any of the goods. In this respect, therefore, the instruction was abstract.

Witness Bissell testified that he received a letter from the appellee dated November 23, 1918, canceling the order in controversy. That letter was as follows: "Please cancel my back orders. I am in a notion of quitting business and leave to Europe to see my people. J. S. Katter."

The appellee testified in regard to the cancellation of the order that he had been dealing with the appellant for two or three years; that it was the general custom in their dealings to allow him to cancel his orders. "All the time they had been canceling for us," witness states, and further, "I sent in orders to the plaintiff and canceled lots of times. * * * If I did not want them, I would turn them back.".

The appellant complains at the ruling of the court in refusing one of its prayers for instruction telling the jury that the letter of November 23, 1918, was not a countermand of the order introduced in evidence but a request to cancel his back orders. The court did not err in refusing this prayer. It was calculated to confuse and mislead the jury. The letter speaks for itself, and shows that it was intended as a cancellation or countermand of all orders for goods that had not been delivered at the time the letter was written, and the testimony of the appellee tended to show that none of the goods in the order of September 12, 1918, had been delivered.

It would serve no useful purpose to set out and discuss other rulings of the court in the granting and re-

fusing prayers for instructions and in the admission of testimony of which appellant complains. What we have said shows the theory presented by appellant's prayers for instructions in the lower court, which, as we have seen, were erroneous. We find no reversible error in the record, and the judgment is therefore affirmed.