GENERAL MOTORS ACCEPTANCE CORPORATION *v.* WHATLEY.

Opinion delivered October 13, 1930.

Ben D. Brickhouse and Linwood Brickhouse, for appellant.

Mahony, Yocum & Saye, for appellee.

SMITH, J. This is a companion case to that of General Motors Acceptance Corporation v. Jerry, 181 Ark. 771, 27 S. W. (2d) 997. The litigation in each case arose over the attempt to collect the balance of purchase money due upon the sale of a Delco lighting plant, and the contract of sale in the two cases is identical. The undisputed testimony in each case was to the effect that the subject-matter of the sale was a definitely known article of commerce, designed to generate electricity for lighting purposes, and that each plant was a separate and complete unit in itself. From fifteen to eighteen such plants had been sold and installed in Union County alone, the county in which both cases originated.

The undisputed testimony in the instant case shows that one of the lighting plants was installed at the home of appellee Whatley, and that with some minor adjustments it gave fairly satisfactory service for a period of from six to eight months, so that there can be, and is, no question that it was adapted to the purpose for which it was sold, that of generating electric lights.

The contract of sale containing the following and no other warranty: "It is understood that the Delco-light Company of Dayton, Ohio, guarantees said Delco-light products against defective material or workmanship for one year from the date of delivery, except the starting battery on the Model 775 or 750 Delco light plant, which battery is guaranteed for 90 days." The plant sold appellee did not have a starting battery of either Model 775 or 750, but was Model 758, so that this exception from the general warranty lasting only ninety days did not apply to this sale.

It was therefore proper to submit to the jury the question whether there had been a breach of this war-

ranty, although the article sold was a definitely known article of commerce upon the market. But in the submission of this question one of the instructions was modified by adding thereto this qualification: "* * * or that it was not a definitely known article of commerce upon the market and was not reasonably fit for the purpose for which it was intended."

Injecting this question into the case was error, for the reason that under the undisputed evidence the light plant was a definitely known article of commerce upon the market, and was reasonably fit for the purpose for which it was intended. This modification was objected to, and is erroneous, as it is error to give an instruction which permits the jury to make a finding which is unsupported by any evidence. *Sherrin* v. *Coffman*, 143 Ark. 8, 219 S. W. 348; *Bissell* v. *Katter*, 141 Ark. 467, 217 S. W. 779; *Ozark Fruit Growers' Assn.* v. *Tetrick*, 130 Ark. 165, 197 S. W. 30; *Athletic Mining Co.* v. *Sharp*, 135 Ark. 330, 205 S. W. 695.

The judgment will therefore be reversed, and the cause will be remanded with directions to submit only the question of the breach of the written warranty.