## Clifford COPELAND and POTLATCH CORPORATION v. Verner HOLLINGSWORTH

75-358                     535 S.W. 2d 815

### Opinion delivered April 19, 1976
[Rehearing denied May 24, 1976.]

*Wright, Lindsey & Jennings* and *Richard E. Griffin,* for appellants.

*Huey & Vittitow,* for appellee.

FRANK HOLT, Justice. This appeal results from a jury verdict against the appellants for damages to appellee's tomato crops sustained from the spraying of 2,4,5-T herbicide. Pursuant to a written contract, appellant Copeland sprayed appellant Potlatch's timberland with this herbicide.

Appellants assert that the trial court erred in giving certain instructions to the jury. Appellants first argue that neither strict liability nor *res ipsa loquitor* was alleged in the complaint and, therefore, the trial court erred in submitting the case to the jury on theories not pleaded. Appellee responds that the allegation in his complaint that the herbicide was a "known hazardous chemical was sufficient to advise the Appellant and to constitute the theory of strict liability."[1] We cannot agree with appellee. Suffice it to say that the only theory affirmatively alleged in the complaint was negligence. The issues were joined on the allegations of various acts of negligence by appellants. Neither is it asserted that the pleadings were amended to conform to the proof. It was the duty of the court to submit a cause to the jury only upon issues raised by the written pleadings, or within the pleadings treated as amended to conform to the proof. *Ozark Fruit Growers Assn.* v. *Tetrick,* 130 Ark. 165, 197 S.W. 30 (1917). See *General Motors Accept. Corp.* v. *Whatley,* 182 Ark. 378, 31 S.W. 2d 526 (1930). Therefore, in the case at bar, it was reversible error for the trial court to instruct the jury on strict liability and *res ipsa.*

Appellants also assert error in that part of an instruction which tells the jury it is the duty of one applying regulated herbicides to use a high degree of care. Appellants argue that the reference to "high degree of care" was erroneous and

---

[1]This allegation appears only in appellee's complaint against appellant Potlatch.

prejudicial and is not the law in Arkansas. As appellants point out, the instruction is a modification of AMI 1301 on explosives. Suffice it to say that the proof adduced was insufficient to justify this instruction.

Appellants also contend for reversal that the trial court erred in giving instructions which identified appellant Copeland as an employee when all the evidence shows he was an independent contractor. The theory of the individual contractor relationship does not apply whenever there is a negligent application of an inherently dangerous substance. *The Hammond Ranch Corp.* v. *Dodson,* 199 Ark. 846, 136 S.W. 2d 484 (1940); *Walton* v. *Sherwin-Williams Co.,* 191 F. 2d 277 (8th Cir. 1951). In *Hammond* we quoted with approval:

'As a general rule the employer is not liable for the negligence of an independent contractor. There are, however, certain exceptions to this general rule. One of such exceptions is that the law will not allow one who has a piece of work to be done that is necessarily or inherently dangerous to escape liability to persons or property negligently injured in its performance by another to whom he has contracted such work. This is espeically true where the agency or means employed to do the work, if not confined and carefully guarded, is liable to invade adjacent property, or the property of others, and destroy or damage it. **** [B]ecause of the very great likelihood of the poisonous dust or spray spreading to adjoining or nearby premises and damaging or destroying valuable property thereon, it could not delegate this work to an independent contractor, and thus avoid liability.'

It is possible upon a retrial, of course, that appellee can sufficiently adduce proof to meet this requirement.

We deem it unnecessary to consider the appropriateness of the other instructions since the same evidence is not likely to be presented on retrial. Furthermore, since we remand, we do not reach appellant Potlatch's contention that if the judg-

ment is affirmed, it is entitled to judgment over against appellant Copeland for complete indemnification of the damages which were assessed against it in favor of appellee.

Reversed and remanded.

BYRD, J., dissents.